[No. 20112.  Department Two.  December 6, 1926.]

OSCAR G. HEATON, *as Receiver, Respondent,* v. C. W. NESSLY,
*Appellant.*[1]

Appeal from a judgment of the superior court for King county,
Paul, J., entered November 20, 1926, in favor of the plaintiff, in
an action on contract, tried to the court. Affirmed.

*Poe, Falknor, Falknor & Emory,* for appellant.

*Butler & Weiss,* for respondents.

PARKER, J.—The plaintiff, as receiver for the Cedarhome Lumber
Company, a corporation, commenced this action in the superior
court for King county, seeking recovery from the defendant for
three bills of lumber sold and delivered by the company to Nessly
on September 19, 1923, July 19, 1924, and August 6, 1924. Nessly
answered, alleging payment of these bills in full, making no con-
tention, however, as to the amount of lumber received by him or
as to its value. A trial to the court, sitting without a jury, resulted
in findings and judgment awarding to the receiver recovery as
prayed for, from which Nessly has appealed to this court.

Nessly claims that payment for the lumber was made by him
by his giving credit upon the purchase price of an alleged con-
tract for the sale of a tract of land by him to George A. Bell, for
the company. On August 17, 1923, Bell entered into a contract with
Nessly by which he agreed to purchase from Nessly a certain de-
scribed tract of land lying near the company's plant, the agreed
purchase price being five hundred dollars, upon which fifty dollars
was then paid in cash; the balance to be paid in monthly install-
ments of fifty dollars each. Bell was, then and thereafter, president
and manager of the company. It does appear that the land was,
to some extent, used by the company but the evidence wholly fails
to show that its purchase was contracted for by Bell with a
view of the company acquiring title thereto. Indeed, in addition
to Bell being named personally as the purchaser, there is other
evidence indicating that he was purchasing the land for himself
and not for the company. It is true that the court found, among
other things, that "George A. Bell, acting for and on behalf
of, and in the interest of, the Cedarhome Lumber Company," en-
tered into the contract for the purchase of the land. But the court
further found "that no lumber was furnished the defendants at
any time by way of payment on said contract, and that the whole
sum of the value of said lumber is due and owing from the defend-

[1]Reported in 250 Pac. 1087.

ants to the plaintiff as receiver of said corporation." If the first above quoted finding is to be construed as meaning that Bell entered into this contract with a view of the lumber company paying for and becoming the owner of the land, it seems clear to us that it is not supported by the evidence.

There is nothing of serious moment drawn in question in this branch of the case, other than the question of fact as to whether or not there was ever any agreement between Bell, as the representative of the company, and Nessly that the lumber, or any part of it, should be paid for by credits upon this land purchase contract entered into between Nessly and Bell in their individual capacities. A reading of the whole of the evidence convinces us that it decidedly preponderates in support of the judgment, though it does not support the first above quoted finding of the trial court, if that finding is to be construed as a decision of the trial court that the land sale contract was entered into by Bell as agent for the company.

Nessly, by way of cross-complaint, sought recovery of rent from the company for the use of other land near the mill plant. The trial court found against Nessly on this claim. This, like the main question in the case, involves only questions of fact. We cannot say that the evidence preponderates against the court's finding and conclusion upon this branch of the case.

The judgment is affirmed.

TOLMAN, C. J., ASKREN, and FULLERTON, JJ., concur.